McKAUGHAN et al. v. BALDWIN et al.

(Court of Civil Appeals of Texas. Austin. Feb. 5, 1913.)

1. PRINCIPAL AND AGENT (§ 111*)—POWERS OF GENERAL AGENT—EXTENSION OF NOTE.

A general agent, in so far as he acts within the scope of the business for which agency is created, stands in the place of the principal, and may do anything in reference thereto that the principal could do, so that a general agent managing a mercantile business and taking a note in due course of trade had authority to agree to its extension.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 326–331, 376; Dec. Dig. § 111.*]

---

2. PRINCIPAL AND SURETY (§ 104*)—DISCHARGE OF TIME FOR PAYMENT—STATUTES.

Under Rev. St. 1895, art. 3811, authorizing sureties on a note to require the holder to bring suit thereon, an agreement by the holder for a valuable consideration that no suit should be brought on the note for a year, made without the knowledge or consent of the sureties, released them from their obligation.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 186–190, 193–195, 197–199, 200; Dec. Dig. § 104.*]

Appeal from Coke County Court; J. E. Greer, Special Judge.

Action by T. C. Baldwin and others against J. S. McKaughan, L. D. Stapp, and W. M. Stapp. Tried on agreed statement of facts, and judgment rendered for plaintiffs, and McKaughan and L. D. Stapp appeal. Affirmed as to W. M. Stapp, and reversed and rendered in favor of defendants McKaughan and L. D. Stapp.

D. I. Durham, of Robert Lee, for appellants. D. T. Averitt, of Robert Lee, for appellees.

JENKINS, J. This case was tried upon an agreed statement of facts, as follows: "It is hereby agreed by and between all the plaintiffs and all the defendants herein that this case be tried on the following agreed statement of facts, and no other, to wit: It is agreed that the note herein sued on is a binding obligation against all the defendants herein, and that judgment may be rendered for the amount thereof, interest, and attorney's fees as prayed for, unless the defendants L. D. Stapp and J. S. McKaughan, who are admitted to be accommodation sureties thereon, are released from liability by reason of the agreement hereinafter stated. It is agreed that at the maturity of said note one P. R. Spann, who was the general agent for plaintiffs in the management of their mercantile business, made an agreement with W. M. Stapp, the principal in said note, for a valuable consideration then and there paid to him by said W. M. Stapp, that he would extend the payment of said note for one year from its maturity, and that suit would not be brought against the makers of said note during said extension, with the agreement that said W. M. Stapp should pay said note earlier if he should become able to do so; that said W. M. Stapp reserved the right, which was agreed to by said Spann, to pay said note at any time during said one year's extension. The foregoing agreement was so made without the knowledge or consent of his said sureties, and was never approved or ratified by them in any manner whatever."

Judgment was rendered against the principal, W. M. Stapp, as principal, and against the said sureties, as sureties, for the amount of said note, principal, interest, and attorney's fees.

It is the contention of appellants, the said sureties, that they were released by virtue of the facts set forth in said agreement. Appellees, plaintiffs in the court below, alleged in their petition that the defendants executed and delivered to the Ft. Chadborn Co-operative Association their joint and several promissory note, in writing, etc.; that plaintiffs are the legal and equitable holders of said note, having purchased the same before maturity in the due course of trade.

[1] It having been agreed that P. R. Spann was the general agent for appellees in the management of their mercantile business, and it appearing from the plaintiffs' petition that this note was acquired in due course of trade, said Spann had authority, as such agent, to agree to the extension of said note. A general agent, in so far as he acts within the scope of the business for which such agency is created, stands in the shoes of the principal, and may do anything in reference to such business that the principal could have done.

[2] Appellees contend that the reason given why sureties are released when time for payment is extended without their authority or consent is that they are deprived of the privilege of paying off said note and bringing suit against the principal; and that, inasmuch as in this case W. M. Stapp reserved the right to pay said note at any time, the sureties were not thereby released. It is true that an absolute extension of time to the principal deprives the sureties of the privilege of paying the note and proceeding at once against the principal, and thereby depriving them of what, in some cases, would be a valuable right; but, under our statute, sureties have another right which, in many cases, might be more valuable than the right to pay off the note and bring suit against the principal, and that is the right to require the holder of the note to forthwith institute suit upon same. Article 3811, R. S. 1895. It appears from the agreement filed herein that the holders of said note, by their agent, for a valuable consideration then and there paid, agreed that no suit should be brought on this note for a period of 12 months. This agreement, having been made without the knowledge or consent of the sureties, released them from their obligation to pay said note.

For the reason above stated, the judgment of the trial court as to the principal, W. M. Stapp, is affirmed, and reversed and rendered in favor of appellants J. S. McKaughan and L. D. Stapp.

Affirmed in part, and reversed and rendered in part.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes